# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **JONATHAN BLAKE SELLARS,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. _____ ) JURY DEMAND ) |
| **SUMNER COUNTY, TENNESSEE,** and **GUNNER VAN GILDER,** | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Comes the Plaintiff, Jonathan Blake Sellars, by and through undersigned counsel, and for his cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1     The Plaintiff, Jonathan Blake Sellars, is a resident of Sumner County, Tennessee.

1.2     The Defendant, Sumner County, Tennessee, is a governmental entity located in Sumner County, Tennessee, and at all times relevant to the Complaint was responsible for the customs, policies, procedures, and training of its employees as well as the wrongs committed by Deputy Sheriffs pursuant to Tenn. Code Ann. § 8-8-302.

1.3     The Defendant, Gunner Van Gilder, is, upon information and belief, a resident of Sumner County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff for Sumner County, Tennessee.  Defendant Van

Gilder is being sued in his individual capacity as a Deputy Sheriff of the Sumner County Sheriff's Department.

## II. JURISDICTION

2.1     This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.  This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C. §1347 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

## III. VENUE

3.1     Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred in the Middle District of Tennessee.

## IV. NATURE OF THE CASE

4.1     This action arises under the Fourth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq*. for violations of the Constitutional Rights of the Plaintiff, Jonathan Sellars.  It also arises under Tennessee law for a claim against Sumner County pursuant to Tenn. Code Ann. § 8-8-302 as well as state law claims for assault and battery.

## V. FACTS

5.1     On July 15, 2022, Jonathan Sellars was at home alone and was in the middle of a mental health emergency including experiencing an episode of psychosis in which he was having audio and visual hallucinations.

5.2     Mr. Sellers had previously been diagnosed with mental health conditions which required him to be properly medicated and had recently had those medications adjusted.

5.3     Concerned for his safety and the safety of others, Mr. Sellars's wife, Hallie Sellars, contacted Tennessee's Mobile Crisis Services to obtain mental health services due to his mental health emergency.

5.4     Mobile Crisis Services did not have the staff to immediately respond to Mr. Sellars's mental health emergency and contacted local law enforcement to assist in getting Mr. Sellers admitted for psychiatric services.

5.5     After contacting Mobile Crisis Services, Ms. Sellars arrived at the home but remained outside and waited for the response to the mental health emergency to arrive.

5.6     When Defendant Van Gilder arrived, Ms. Sellars informed him of the mental health emergency involving her husband.

5.7     Defendant Van Gilder, at the time of this incident, was a Deputy Sheriff with the Sumner County Sheriff's Department.

5.8     Defendant Van Gilder then went inside the home to locate and speak with Mr. Sellars.

5.9     Emergency Medical Services arrived shortly after Defendant Van Gilder and also entered the home.

5.10    Two additional deputies also arrived after EMS and subsequently entered the home.

5.11     Defendant Van Gilder initially verbally communicated with Mr. Sellars alone for several minutes in an apparent attempt to coax Mr. Sellars to go to the hospital for mental health treatment.

5.12     After one of the other deputies entered the home, Defendant Van Gilder made one more effort to verbally coax Mr. Sellars into agreeing to go to the hospital.

5.13     Ultimately, however, Mr. Sellars did not want to voluntarily go to the hospital for mental health treatment and sat in a chair without physically or verbally threatening anyone.

5.14     At this point, Defendant Van Gilder, along with another deputy, grabbed Mr. Sellars and pulled him out of the chair and onto the floor.

5.15     While on the floor, the Defendant Van Gilder and the other deputy attempted to restrain Mr. Sellars, and they were later assisted by EMS personnel and another deputy.

5.16     During the efforts to restrain Mr. Sellars, Defendant Van Gilder repeatedly administered closed fist strikes to Mr. Sellars's face.

5.17     The closed fist strikes by Defendant Van Gilder resulted in displaced fractures to Mr. Sellars's nasal bones which caused significant bleeding making it difficult for Mr. Sellars to breath as well as causing a permanent disfigurement to Mr. Sellars's nose.

5.18     Mr. Sellars never verbally threatened any law enforcement officer or others.

5.19     Mr. Sellars never physically threatened any law enforcement officer or others.

5.20     Defendant Van Gilder was aware that Mr. Sellars was actively in a state of psychosis and experiencing paranoia and hallucinations.

5.21     Mr. Sellars was not armed nor did he have immediate access to a weapon.

5.22 At the time that Defendant Van Gilder was striking Mr. Sellars in his head and face, he was aware that Mr. Sellers had not committed any crime and that he was simply being involuntarily committed for inpatient mental health treatment.

5.23 While Defendant Van Gilder was striking Mr. Sellars with his fist, Mr. Sellars was actively being restrained by at least two other individuals and was not attempting to flee.

5.24 Defendant Van Gilder had no reason to use strikes to Mr. Sellars's head and face in order to restrain him.

5.25 It was not necessary to break Mr. Sellars's nasal bones and cause permanent injury and disfigurement to Mr. Sellars in order to restrain Mr. Sellars.

5.26 Defendant Van Gilder's use of strikes to Mr. Sellars's head and face was unreasonable.

5.27 Defendant van Gilder's use of strikes to Mr. Sellars's head and face was unnecessary.

5.28 Defendant Van Gilder's use of strikes to Mr. Sellars's head and face was excessive.

5.29 Defendant Van Gilder's use of strikes to Mr. Sellars's head and face was a wanton infliction of pain.

5.30 Defendant Van Gilder's use of strikes to Mr. Sellars's head and face was deliberate and intentional.

5.31 In striking Mr. Sellars's head and face, Defendant Van Gilder was deliberately indifferent to Mr. Sellars's federally protected rights, including his right to be free from

5

unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

5.32 Defendant Van Gilder was aware of a substantial risk of serious injury and permanent harm in using strikes to Mr. Sellars's head and face.

5.33 Defendant Van Gilder consciously disregarded the risk of harm to Mr. Sellars and chose to strike him in the head and face despite being aware of the risk.

5.34 Defendant Van Gilder unreasonably escalated the incident with Mr. Sellars by striking Mr. Sellars in his head and face without warning or provocation.

5.35 In doing the acts alleged in this complaint, Defendant Van Gilder was acting under the color of the statutes, ordinances, regulations, customs, policies, and usages of the Sumner County Government, the State of Tennessee and under the authority of his office as a Deputy Sheriff of the Sumner County Sheriff's Department.

5.36 Defendant Sumner County is responsible for all wrongs, injuries, losses, damages and expenses resulting from the actions of Defendant Van Gilder in his position as a Deputy Sheriff of Defendant Sumner County, Tennessee, pursuant to Tenn. Code Ann. § 8-8-302.

5.37 Defendant Sumner County was responsible for properly training Defendant Van Gilder and other law enforcement officers in the reasonable use of force, including the use of hand strikes.

5.38 Defendant Sumner County was responsible for establishing policies, procedures, customs, and practices in the reasonable use of force, including the use of hand strikes, to be followed by its deputies, including Defendant Van Gilder.

5.39    National, state and local standards mandate the least intrusive means reasonably available and limit the use of physical force only to overcome resistance, repel aggression, protect life, or retake a prisoner or property.

5.40    National, state, and local standards prohibit the use of physical force as a punishment.

5.41    It is obvious that the complete lack or inadequacy of policies, procedures, customs, and practices for the use of force during an arrest, including the use of hand strikes, would lead to the deprivation of the right of persons to be free from excessive use of force.

5.42    It is obvious that the complete lack or inadequacy of training for employees in the use of force during an arrest, including the use of hand strikes, would lead to the deprivation of the right of persons to be free from excessive use of force.

5.43    Defendant Sumner County was actually aware that Defendant Van Gilder was either wholly unaware of the proper use of force during an arrest or was unable to follow proper guidelines on the use of force during an arrest due to the complete lack or inadequacy of the training, supervision, policies, procedures, customs, and practices provided to Defendant Van Gilder by Defendant Sumner County.

5.44    Defendant Sumner County's failure to properly train, discipline, and supervise Defendant Van Gilder regarding the use of force during an arrest was deliberately indifferent to the rights of individuals being arrested by Defendant Sumner County's employees, including Mr. Sellars.

5.45    Defendant Sumner County's failure to properly train, discipline, and supervise Defendant Van Gilder was the moving force behind Defendant Van Gilder's use of excessive force against Mr. Sellars.

5.46    Defendant Sumner County is responsible for all wrongs, injuries, losses, damages and expenses resulting from the actions of its Deputy Sheriffs, including Defendant Van Gilder and its other deputies involved in Mr. Sellars's arrest pursuant to Tenn. Code Ann. § 8-8-302.

## COUNT I
### (FOURTH AMENDMENT - VIOLATION OF 42 U.S.C. § 1983 - EXCESSIVE FORCE)

6.1    Defendant Van Gilder's actions and use of force as described above while acting under color of law were objectively unreasonable and excessive, thus depriving Mr. Sellars of his right to be free from excessive force as guaranteed under the Fourth Amendment to the United States Constitution.

6.2    Pursuant to statute, Defendant Van Gilder is liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT II
### (Municipal Liability - Violation of 42 U.S.C.A. § 1983)

7.1    The conduct of Defendant Sumner County described above deprived Mr. Sellars of his right to be free from excessive force as guaranteed under the Fourth Amendment to the United States Constitution.

7.2    Upon information and belief, Defendant Sumner County lacked adequate customs, practices, policies, procedures, supervision, investigation, and training of its

employees to prevent its officers from using excessive force which was the driving force behind the violation of Mr. Sellars's civil rights.

7.3     Pursuant to statute, Defendant Sumner County is liable to Mr. Sellars for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

## COUNT IV
### (STATE LAW VICARIOUS LIABILITY - TENN. CODE ANN. §8-8-301, *ET SEQ.*)

8.1     Pursuant to Tenn. Code Ann. § 8-8-301, et seq., Defendant Sumner County is also liable to Mr. Sellars for the wrongs, injuries, losses, damages and expenses resulting from the actions of Defendant Van Gilder who was a Deputy appointed by the Sumner County Sheriff and, at the time of the incident described in this complaint, was acting by virtue of or under color of that office.

8.2     Pursuant to Tenn. Code Ann. § 8-8-301, et seq., Defendant Sumner County is also liable to Mr. Sellars for the wrongs, injuries, losses, damages and expenses resulting from the actions of other deputies involved in the arrest of Mr. Sellars and who were appointed by the Sumner County Sheriff and, at the time of the incident described in this complaint, were acting by virtue of or under color of that office.

## COUNT V
### (State Law Claims - Assault and Battery, False Imprisonment, and Malicious Prosecution)

9.1     On July 15, 2022, Mr. Sellars was arrested by Defendant Van Gilder.

9.2     Defendant Van Gilder used excessive and unreasonable force in effectuating Mr. Sellars's arrest as described above amounting to an assault and battery upon Mr. Sellars.

## DAMAGES

10.1 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars experienced significant emotional and physical pain and suffering.

10.2 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars experienced significant mental anguish.

10.3 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars has experienced a diminished quality of life and impairment to his ability to enjoy life.

10.4 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars has experienced a loss of earnings and an impairment to his earning capacity.

10.5 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars has incurred medical expenses for the treatment of his physical and emotional injuries and may incur additional expenses in the future.

10.7 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Mr. Sellars has suffered a permanent injury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, jointly and severally to the extent permitted by law, as follows:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2. That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed

by law and that Defendant Sumner County be additionally jointly liable for his compensatory damages up to the limits provided in Tenn. Code Ann. § 8-8-303;

    3. That the Plaintiff be awarded a judgment for punitive damages against Defendant Van Gilder in an amount that is necessary to punish Defendant Van Gilder and to deter others from committing similar wrongs in the future;

    4. That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

    5. That Plaintiff be granted such other, further, and general relief as to which he is entitled.

Respectfully Submitted,

MOSELEY & MOSELEY
Attorneys at Law
BY: /s/ James Bryan Moseley
    James Bryan Moseley No. 021236
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax: 615/ 634-5090
bryan.moseley@moseleylawfirm.com

/s/ Leanne A. Thorne
    Leanne A. Thorne, No. 023481
P.O. Box 262
Lexington, Tennessee 38351
(731) 968-9810
thornelaw@hotmail.com

*Attorneys for Plaintiff*