# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JONATHAN BLAKE SELLARS,      )
                              )
      Plaintiff,               )
                              )
v.                              )      No. 3:23-cv-00693
                              )
SUMNER COUNTY, TENNESSEE, and    )
GUNNER VAN GILDER,           )
                              )
      Defendants.           )

## MEMORANDUM OPINION

A § 1983 suit is barred under Supreme Court precedent—Heck v. Humphrey, 512 U.S. 477 (1994)—when a judgment in favor of the plaintiff would necessarily imply the invalidity of his state conviction. In this 42 U.S.C. § 1983 case, Jonathan Blake Sellars alleges that Gunnar Van Gilder, a Sumner County Deputy Sherriff, used unconstitutionally excessive force when he punched Sellars in the face while trying to detain him. But Sellars pled guilty to two Tennessee offenses resulting from the detention—resisting arrest and assaulting a first responder—so Defendants move for summary judgment under Heck. The question is whether Heck bars an excessive force claim when the plaintiff pled guilty to resisting arrest without raising Tennessee's affirmative defense, and the force and resistance arose from the same ongoing physical struggle. Viewing the evidence in the light most favorable to Sellars, the answer is that it does.

## I.      FACTUAL BACKGROUND

The parties' statements of undisputed facts (Doc. Nos. 94, 96) do not set forth the sequence of events causing this dispute. But the parties rely on Van Gilder's affidavit in support of the criminal complaint naming Sellars, which describes the encounter. (See Doc. No. 91 at 2-4; Doc.

No. 93 at 2-4, 9-10; Doc. No. 94-1 ("Van Gilder Aff.")). The Court therefore draws the following facts from that affidavit viewed in the light most favorable to Sellars.

In July 2022, Van Gilder arrived at Sellars's home in response to an emergency call that Sellars was having a psychotic episode. (Van Gilder Aff.). Van Gilder tried to convince Sellars to accompany him to the hospital to no avail. (Id.). After backup officials arrived to assist, Van Gilder once again told Sellars to accompany him to the hospital. (Id.). Sellars once again declined, and a struggle to take Sellars into custody took place:

- Sellars told Van Gilder and the backup that he was "probably not" willing to go peacefully and put his hands in his hoodie pocket.

- Sellars refused to stand up from his chair; Van Gilder placed his right hand on Sellars's shoulder.

- Sellars made a fist with his right hand; Van Gilder grabbed Sellars's right forearm and pinned it to the chair, and backup grabbed Sellars's right arm.

- Sellars slid out of his chair.

- Sellars refused to give up his hands and held them both under his body.

- Van Gilder tried to pull Sellars's arms out from under him; Sellars attempted to bite Van Gilder's right ankle.

- Van Gilder punched Sellars in the face.

- Van Gilder handcuffed Sellars.

- While carrying Sellars away, Sellars kicked his feet, striking an EMS employee and Van Gilder.

Sumner County charged Sellars with resisting arrest and assaulting a first responder—both misdemeanors. (Id.). With those charges pending, Sellars sued Van Gilder and Sumner County, alleging excessive force (§ 1983), battery, false imprisonment, and malicious prosecution (Tennessee law). (Doc. No. 1). Nearly two years later, Sellars pled guilty to both offenses, and the Sumner County Circuit Court accepted his plea and entered judgment. (See Doc. No. 90-3).

2

The judgment does not contain a factual basis recitation, and the record does not contain any factual findings made at the plea beyond those in Van Gilder's affidavit.

## II.    LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a motion for summary judgment, the Court generally reviews all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter, and instead determines only whether the evidence presented reveals a disputed material issue of fact for the jury to decide. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

## III.    DISCUSSION

Defendants argue that the alleged excessive force and Sellars's resistance are bound up such that the events are inseparable. (See Doc. No. 91 at 7-10). According to Defendants, Sellars's resistance was continuous, and Van Gilder punched Sellars during that ongoing resistance, so a finding for Sellars would imply the invalidity of the state resisting arrest judgment under Heck. (Id.). Because Sellars's only federal claim is Heck-barred, Defendants say, the Monell claim also

fails, and the Court should decline jurisdiction over the state claims. (Id. at 10, 13). Separately, Defendants argue that the state claims are collaterally estopped by the guilty pleas. (Id. at 11-13).

Sellars responds that the excessive force claim is not Heck-barred because, on the undisputed facts, he could prevail without undermining the state judgment. (Doc. No. 93 at 7-13). This is so, Sellars says, because Tennessee's affirmative defense to resisting arrest was unavailable, as it only applies when the resistance is in response to an officer's use of excessive force, whereas here, Sellars's resistance began before Van Gilder punched him. (Id.).

The Court agrees with Defendants. In this Circuit, an excessive force claim is Heck-barred if it contradicts an element of the underlying offense or if it could have been asserted as an affirmative defense. Schreiber v. Moe, 596 F.3d 323, 334 (6th Cir. 2010); Hayward v. Cleveland Clinic Found., 759 F.3d 601, 608-09 (6th Cir. 2014). The lawfulness of the arrest is not an element of resisting arrest under Tennessee law (Tenn. Code Ann. § 39-16-602(b)), but Tennessee law provides an affirmative defense to resisting arrest when the resistance is in response to an officer's greater-than-necessary force, and the arrestee believes that resistance is reasonably necessary to protect themselves. Tenn. Code Ann. § 39-11-611(e)(3)(A)(B). Sellars pled guilty to resisting arrest without raising that defense. And a judgment in his favor on excessive force would call the conviction into question by establishing a necessary predicate for the defense—that Van Gilder used greater-than-necessary force. The punch and the resistance also are inextricably intertwined, so the alleged excessive force cannot be separated from the resisting arrest conviction. Because the sole federal claim is Heck-barred, the Court declines to exercise supplemental jurisdiction over the state-law claims. The motion (Doc. No. 90) will be granted in full.

A. Heck Bars Sellars's Excessive Force Claim

A plaintiff cannot assert a § 1983 claim if success on that claim would "necessarily imply the invalidity" of an underlying state criminal conviction. Heck v. Humphrey, 512 U.S. 477, 487

(1994). If, on the other hand, "the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id.

Sellars pled guilty to, and was convicted of, resisting arrest and assaulting a first responder. Both parties agree that the conviction for assaulting a first responder is not implicated by the excessive force claim. The question is whether, on the facts in the affidavit underlying the conviction for resisting arrest, a favorable judgment on excessive force would necessarily imply the invalidity of that conviction.

That analysis requires examining the relationship between the § 1983 claim and the underlying state offense. Heck bars a § 1983 excessive force claim, according to the Sixth Circuit, if the claim "seeks a determination of fact that, if true, would have precluded the conviction." Schreiber v. Moe, 596 F.3d 323, 334 (6th Cir. 2010). That is so in two circumstances: (1) when the claim contradicts an element of the underlying state offense, or (2) when the claim could have been asserted as an affirmative defense to the state offense. Id.; Hayward v. Cleveland Clinic Found., 759 F.3d 601, 608-09 (6th Cir. 2014).

Under Tennessee law, a person can be found guilty of resisting arrest regardless of whether the arresting officer conducted the arrest lawfully. All that matters is that the arrestee resisted the arrest. Tenn. Code Ann. § 39-16-602(b). So Sellars's excessive force claim, on its face, does not contradict an element of the resisting arrest conviction.

Tennessee law does, however, provide a narrow affirmative defense to resisting arrest. That defense applies when the resistance is responsive to the officer's use of excessive force:

(e) The threat or use of force against another is not justified:

(3) To resist . . . arrest . . . that the person using force knows is being made by a law enforcement officer, unless:

> (A) The law enforcement officer uses or attempts to use greater force than necessary to make the arrest, search, stop and frisk, or halt; and
>
> (B) The person using force reasonably believes that the force is immediately necessary to protect against the law enforcement officer's use or attempted use of greater force than necessary.

Tenn. Code Ann. § 39-11-611(e)(3)(A)(B). The statute's text establishes two conditions that must be sequentially met for the defense to apply. First, the officer must use or attempt to use greater-than-necessary force. Id. Second, the person resisting arrest must reasonably believe that resistance is immediately necessary to protect against the greater-than-necessary force. Id.

Sellars's decision to plead guilty to resisting arrest rather than raising the affirmative defense is fatal. The Sixth Circuit has held that Heck bars an excessive force claim when the plaintiff "could have raised excessive force as a defense" to the state offense but instead "chose not to contest the charge." Cummings v. City of Akron, 418 F.3d 676, 683 (6th Cir. 2005) (holding that an Ohio assault conviction Heck-barred an excessive force claim where the plaintiff did not raise excessive force as a defense). Because "an officer's excessive use of force is a defense to a charge of resisting or evading arrest" under Tennessee law, "a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." Roberts v. Anderson, 213 F. App'x 420, 427 (6th Cir. 2007) (citing Tenn. Code Ann. §§ 39-16-602, 39-11-611(e)); see also Bradshaw v. Guth, No. 2:15-CV-0006, 2016 WL 777090, at *2 (M.D. Tenn. Feb. 29, 2016) (same). A judgment establishing that Van Gilder used excessive force would undermine that finding. Van Gilder's punch is the sole act of alleged excessive force. A judgment finding the punch unconstitutionally excessive would establish that Van Gilder used greater-than-necessary force during the encounter, supplying the first element of the defense Sellars did not

raise. That directly conflicts with his guilty plea, which "necessarily includes a finding that the officer did not use excessive force." Roberts, 213 F. App'x at 427.

Even apart from the guilty plea, the facts raise a separate Heck problem: the force and resistance here are too bound up for a judgment on excessive force to avoid conflicting with the resisting arrest conviction. The Sixth Circuit has consistently held that Heck bars an excessive force claim when the force and resistance are "inextricably intertwined," but not when "the alleged use of force occurred after the suspect was handcuffed and brought under control." Parvin v. Campbell, 641 F. App'x 446, 450 (6th Cir. 2016); Matheney v. City of Cookeville, Tenn., 461 F. App'x 427, 431 (6th Cir. 2012). When Van Gilder punched Sellars, he was on the ground holding his hands under his body to avoid being handcuffed and had just attempted to bite Van Gilder's ankle. (See Van Gilder Aff.). Sellars was not handcuffed and subdued. Rather the force and resistance were "inextricably intertwined" as part of the same ongoing physical struggle, so a judgment finding the punch excessive would conflict with the resisting arrest conviction.

The Sixth Circuit's Heck analysis on similar facts confirms that finding. In Matheney, Heck barred an excessive force claim where the plaintiff pled guilty to resisting arrest under Tennessee law after fighting with officers and a police dog in one continuous struggle before being handcuffed. Matheney, 461 F. App'x at 429-32. And in Parvin, the same result followed where the plaintiff balled his fist, was taken down, continued resisting with his hands under his body, and was pepper-sprayed before being handcuffed. Parvin, 641 F. App'x at 447-48, 450. Like the plaintiffs in those decisions, Sellars was actively resisting when the alleged excessive force occurred, and he was not handcuffed and subdued.

Sellars contends that the Court must assess the elements of Tennessee's affirmative defense and determine whether it was factually foreclosed before applying Heck. (Doc. No. 93 at 10-11).

The Court declines for two reasons. First, Sellars's guilty plea without raising the affirmative defense forecloses that argument. Second, that inquiry is exactly what <u>Heck</u> prohibits. Sellars's approach would require the Court to make factual findings about when resistance ended and force began. The parties' statements of undisputed facts do not fully set forth the sequence of events, so the Court would have to resolve that sequence by making factual determinations based on the facts in the affidavit. That is not the Court's role at summary judgment. And if a jury were put to that task at trial, it would have to resolve close calls about the nature of the resistance and the force to determine whether the affirmative defense was factually foreclosed. A jury verdict of excessive force would require a finding that Van Gilder used greater-than-necessary force during an ongoing struggle, which is a factual predicate of the affirmative defense Sellars did not raise. That is exactly the <u>Heck</u> problem that the "inextricably intertwined" framework seeks to avoid.

In sum, Sellars's excessive force claim is <u>Heck</u>-barred by his resisting arrest conviction. He pled guilty to resisting arrest without raising the affirmative defense, and a judgment of excessive force would supply a factual predicate of that defense. The force and resistance are also "inextricably intertwined" so that the excessive force claim and underlying conviction cannot be separated. The excessive force claim, if successful, would necessarily imply the invalidity of the resisting arrest conviction. It cannot proceed.

B.    <u>Sellars's Remaining Claims Do Not Survive</u>

Sellars also asserts a <u>Monell</u> claim against Sumner County and state-law battery, false imprisonment, and malicious prosecution claims against both Defendants. (Doc. No. 1). Because the excessive force claim is <u>Heck</u>-barred, there is no underlying constitutional violation to support municipal liability under <u>Monell</u>. <u>See</u> <u>Dibrell v. City of Knoxville, Tennessee</u>, 984 F.3d 1156, 1165 (6th Cir. 2021) ("[T]here can be no <u>Monell</u> municipal liability under § 1983 unless there is an underlying unconstitutional act[.]"). And with all federal claims subject to dismissal, the Court

declines to exercise supplemental jurisdiction over the remainder of the state-law claims.  See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 31-32 (2025) (explaining that a district court "may (and indeed, ordinarily should) kick the case to state court" where the district court "has dismissed all claims over which it has original jurisdiction" (quoting 28 U.S.C. § 1367(c))).

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (Doc. No. 90) will be **GRANTED**.  An appropriate Order will enter.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE